CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 22, 2026

LAURA A. AUSTIN, CLERK
BY:
        s/A. Beeson
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **THOMAS HENRY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:25cv00399** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **SWVRJA DUFFIELD,** | ) | **By: Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

Plaintiff Thomas Henry, an incarcerated prisoner in Virginia proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging "flagrant disregard for my civil rights" by having a camera on the wall that faces into the shower. Following the required review of the Complaint pursuant to 28 U.S.C. § 1915A, I will dismiss the Complaint for failing to state a claim for which relief may be granted.

Prisoners surrender many rights of privacy upon their incarceration, given the communal nature of prison life and the security requirements. "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984). Even if a prison policy or regulation impinges on an inmate's constitutional rights, the policy is valid "if it is related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Constant surveillance of prisoners is constitutional because it is reasonably related to the penological interest of maintaining security, including minimizing inmate-on-inmate violence and sexual assaults. *Garrett v. Thaler*, 560 F. App'x 375, 380 (5th Cir. 2014) (upholding dismissal for failure to state a claim when inmate alleged rights were violated by cameras in the bathroom). Other judges within this District have reached the same result. *See Rivers v. Redd*, No. 7:25-cv-00537, 2025 WL 2627430, at *1 (W.D.

Va. Sept. 11, 2025) (holding that use of security cameras to monitor inmates while they are showering does not state a cognizable violation of constitutional rights).

Although the issue has not yet been addressed by the Fourth Circuit Court of Appeals, every Circuit Court considering this issue has agreed. *See, e.g., Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) ("[w]hatever minimal intrusions on an inmate's privacy may result from such surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety").

Accordingly, I will dismiss the Complaint for failure to state a claim upon which relief may be granted. An appropriate order will be entered this day.

Enter: April 21, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge